**STATE, Plaintiff-Appellee, v. KEICH, Defendant-Appellant.**
**STATE, Plaintiff-Appellee, v. STEINBERG, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

Nos. 3849, 3850.   Decided April 6, 1956.

Felix S. Mike, Director of Law, Frank Battisti, Joseph L. Heffernan, Asst. Directors of Law, Youngstown, for plaintiff-appellee.
John B. Cunningham, Youngstown, for defendants-appellants.

**OPINION**

Per CURIAM.

The defendant's business is not a work of necessity within the meaning of §3773.24 R. C.   This section of the Code is not discriminatory because it applies to all alike who are engaged in like business.   If there was any discrimination:—

"* * * It was a discrimination in the administration of the law and not in the law itself, and manifestly had no bearing on the respondents guilt or innocence.   One offender cannot excuse his conduct by showing that some one else equally guilty has not been prosecuted." 101 Vermont 300 at page 307.

We find no merit in the claim that defendants were entitled to a jury trial since imprisonment is not a part of the penalty for a first offense.

The decision of the lower court is not contrary to law nor is it against the manifest weight of the evidence.

The judgment of the Municipal Court of Youngstown finding the defendant guilty of violating said Section of the Code is affirmed.

GRIFFITH and NICHOLS, JJ, concur.

PHILLIPS, PJ, concurs in judgment.

## OPINION

By PHILLIPS, PJ.

In the Municipal Court of Youngstown defendants, Jack Steinberg, who operates a store known as the Giant Bargain Center at 1555 Belmont Avenue, and Emil Keich, who operates the Bargain Port at 25 Jacobs Road, Youngstown, Ohio, were charged with knowingly, intentionally and unlawfully causing a building in Youngstown to be opened on Sunday, July 10, 1955, where, among other things, cooking utensils, plumbing tools, work clothing, automobile accessories and lawn and garden equipment were sold in violation of §3773.24 R. C., such business allegedly not being work of necessity nor charity.

The trial judge overruled defendants' demurrer to the affidavits filed on the ground that §3773.24 R. C., was unconstitutional. Defendants then pleaded not guilty and demanded a jury trial, which was denied, and the trials proceeded before a judge of the Municipal Court as cases 3914 and 3915 on the docket of that court respectively.

At the close of the state's case defendants moved for a dismissal on the ground that the state had failed to prove a prima facie case against them, which motion was overruled.

The trial judge found defendants guilty, entered judgment accordingly, overruled their motions for a new trial and fined each defendant $25.00, the maximum fine for a first offense, the ordinance under which defendants were charged providing for punishment by fine only for a first offense.

Defendants appealed to this court on questions of law from the judgment of the trial court, and by stipulation of counsel their appeals were consolidated in this court for all purposes.

The burden of defendants argument is that §3773.24 R. C., is unconstitutional because it is an arbitrary exercise of the police power, violates the Fourteenth Amendment of the Constitution of the United States and Article I, Sections 2 and 7, Ohio Constitution, and denies equal protection of the law guaranteed thereby, and interferes with the rights of private property unreasonably in violation of Article I, Section 19, Ohio Constitution.

The second paragraph of §3733.24 R. C., provides:—

"This section does not apply to work of necessity or charity, and does not extend to persons who conscientiously observe the seventh day of the week as the sabbath, and abstain thereon from doing things prohibited on Sunday."

In the case of Stanfeal v. State, 78 Oh St 24, upon which defendants rely heavily to secure a reversal of the judgment of the trial court, Stanfeal, a barber, kept his barber shop closed on Saturday in accordance with his religious belief forbidding work on Saturday and opened his shop for business on Sunday. In that case the Supreme Court held:—

"While the statutes making the business of barbering on Sunday illegal appear, not as amendments to the general laws theretofore existing, but in the form of independent enactments, still they relate to the same subject, to-wit, the observance of Sunday, and are to be regarded as in pari materia with the general laws upon the same subject, * * *. Hence we must consider all the Sunday legislation when we decide the claim of class legislation."

The court in the case of Robins v. State, 19 Ohio Nisi Prius, (n. s.) 606, after citing the case of Stanfeal v. State, supra, said:—

"This we conclude is a recognition by the Supreme Court that §13047 GC, is in pari materia with §§13044 and 13045 GC, of the Sunday law, where an exception in favor of those persons who conscientiously observe the seventh day of the week as the Sabbath, and abstain thereon from doing things therein prohibited on Sunday, is provided.

"The rule appears well established that statutes in pari materia are to be construed together and as one act.

"'Where there are earlier acts relating to the same subject the survey must extend to them; for all are for the purpose of construction considered as forming one homogeneous and consistent body of law, and each of them may explain and elucidate, every other part of the common system to which it belongs.' Endlich, Interp, Stat., Section 43."

There is no evidence that either defendant kept his store closed on Saturday in accordance with his religious belief forbidding work on Saturday and opened his store for business on Sunday for that reason.

There is evidence that in his self designated "department store" that in addition to carrying a complete line of hardware, cooking utensils, plumbing tools, work clothing, automobile accessories and lawn and garden equipment, the Bargain Center likewise carries and offers for sale emergency electric repair parts, patent medicine, cotton, gauze, mineral oil, cough medicine, aspirin and drug sundries, which defendant Steinberg argues are necessaries; emergency automobile repair parts such as sold by gasoline stations and general stores; and that prior to his arrest his store was open for business seven days a week and now opens on Sunday from one o'clock to ten o'clock, when some of such articles were sold on July 10, 1955.

Prior to the arrest of its owner the Bargain Port was open for business seven days a week and subsequent thereto on Sundays from one to ten and regular business hours during business days where pipes, valves, copper parts for toilets, electrical equipment, fuses, wire, electrical fixtures, patent medicines, bandages, gauze, cotton, mineral oil, castor oil, aspirin, drug sundries, emergency auto repair parts, automobile batteries and numerous other items, which he argues are necessaries and sold by gasoline stations and drug stores in competition with him in his self designated "department store," where some of such articles were sold on July 10, 1955.

While there is the quoted evidence that defendants sold articles other than hardware, such as drug sundries, yet defendants Steinberg and Keich catalogued their stores respectively as a "general store" and "department store," which under normal conditions cannot be designated

as business or work of "necessity" within the meaning of §3773.24 R. C. See State v. Haase, 97 Oh Ap 377. In our opinion §3773.24 R. C., is not discriminatory because it applies to all who are engaged in like business.

Now we come to consider defendants claims that other violators within the jurisdiction of the court operating on Sunday in violation of §3773.24 R. C., have not been prosecuted. See State of Ohio, Appellee, v. Haase, Appellant, supra, where it is said in the second syllabus:—

"The fact that the operators of some businesses within the jurisdiction of the court, operating on Sunday in violation of §3773.24 R. C., have not been prosecuted, is no defense in the case of one prosecuted under the provisions of such statute, and the rejection of evidence as to the conduct of others claimed to be in violation of the Sunday closing law is not prejudicial to the rights of the defendant."

Also see State v. Corologos, et al, 143 Atlantic 284, headnote 13 Criminal Law, that another person equally guilty with defendant has not been prosecuted is no defense as "one offender can not excuse his conduct by showing that some one else equally guilty has not been prosecuted."

We find no merit in such claims.

Now we come to consider defendants' contentions that the judgment of conviction must be reversed because the trial judge denied defendants the right to trial by jury.

As applicable **Article I, Section 5, Ohio Constitution,** provides:—

"The right of trial by jury shall be inviolate, except that, in civil cases, laws may be passed to authorize the rendering of a verdict by the concurrence of not less than three-fourths of the jury."

"The Constitution does not guarantee a trial by jury in every case. It has long been a settled doctrine that, where the penalty imposed by a criminal statute is merely a fine, the right of trial by jury as guaranteed by the Constitution does not exist. * * *." **12 O. Jur., Section 106, Page 139.**

"The Constitution does not guarantee that every case shall be tried by a jury, but confines itself to the declaration that the right to trial by jury shall be inviolate; that is, the right in those cases in which the prerogative existed at common law, or was secured by statute at the time the Constitution was adopted, in 1802." **24 O. Jur., Section 9, page 140.**

"Section 5 of the Ohio Bill of Rights provides that 'the right of trial by jury shall be inviolate,' etc. It was not, however, the intention of the framers of that clause of the Bill of Rights to guarantee the right of trial by jury in all controversies." **Belding v. State, 121 Oh St 393 at 396.**

Obviously we find no merit to defendants' contention that the judgment of conviction must be reversed because the trial judge denied defendants the right to trial by jury.

Having found no error prejudicial to the defendants in any of the respects urged the judgment of the trial court in both cases appealed is affirmed.

NICHOLS and GRIFFITH, JJ, concur in judgment.